DECISION AND JUDGMENT ENTRY
This is a delayed appeal from judgments of the Lucas County Court of Common Pleas in which the court accepted a no contest plea from Alex Persichino, found him guilty of robbery and sentenced him to serve two years in prison. Because we find that the trial court considered all of the required factors before imposing a sentence, and because we find that the sentence is not an abuse of discretion, we affirm the judgment of the trial court.
Persichino has presented only one assignment of error for consideration. The sole assignment of error reads:
 "The trial court erred to the appellant's prejudice in disregarding appellant's statements about his prior record in another state and relying upon a misconstruction of that record in deciding the sentence imposed here."
Persichino's argument in support of his sole assignment of error is that the trial court erred in its interpretation of information that was contained in the presentence report regarding his previous convictions for crimes in the state of Michigan. Specifically, Persichino says that the trial court erroneously stated that he had seven felony convictions in Michigan. Persichino explains that because of provisions in Michigan law relating to habitual offenders that were in effect when he was convicted of his crimes, see MCL 769.13 and MSA 28.1085 (prior to May 1, 1994), most of his felony convictions in that state were vacated and his record should now reflect only two felony convictions.
The state responds that the record showed that Persichino did have seven felony convictions and seven misdemeanor convictions. The state says that Persichino was not certain himself, at the time of the sentencing hearing, about the number of felony convictions that remained on his record. The state argues that even if Persichino is correct in his interpretation of the effect of the habitual offender statute that was in effect in Michigan when Persichino was given that status, and is correct that the trial court misstated the number of his felony convictions in Michigan, the trial court still did not abuse its discretion when it imposed a two year prison sentence in this case. The state says that the trial court followed all of the necessary requirements under Ohio law to impose the sentence Persichino now challenges on appeal.
The information presented by the state to the court at the time Persichino entered his no contest plea showed that Persichino went into a Kroger store in Toledo, Ohio on September 2, 2000 where he took three cartons of cigarettes, put them into his pants, and left the store without paying. When security personnel from the store tried to stop him from leaving with the cigarettes, Persichino sprayed them with mace and also swung punches and elbowed them as they tried to restrain him. Based upon that information, the court found Persichino guilty of robbery.
At the sentencing hearing, Persichino's attorney first addressed the trial court. He acknowledged that his client had already served a significant amount of prison time in the state of Michigan, and that because his client had been classified a habitual offender in that state he "has a significant tail on him from the State of Michigan which clearly they are probably going to be requesting he answer the parole violation in Michigan after this Court's sentencing." He asked the court to consider that his client had voluntarily sought treatment for a drug abuse problem and had been sober for sixty days prior to sentencing. He also acknowledged that the facts in the case did meet the requirements for robbery, but asked the trial court to consider them as a theft offense followed by an assault. He explained that his client said he did not know the two men who approached him from behind were store security personnel and that he had maced them in self-defense, believing he was being attacked.
The victim then addressed the trial court. He expressed remorse about his actions and told the trial court he was married, living in Toledo and had voluntarily sought treatment for a long-standing drug abuse problem.
The trial court then asked Persichino how much prison time he had served for a breaking and entering conviction in Michigan. Persichino answered:
 "First time I did three years. Then I got out. Then I did 18 months. Then I did another year and a half. So I've done about total in prison probably about six years."
The discussion continued between the trial court and Persichino concerning his prior record. Persichino explained that he was sent back to prison twice because he violated his parole by failing to report. He said he was released on parole again in January 2000.
Persichino's counsel then explained that his client had a "substantial tail" because he was assigned a habitual offender classification in Michigan. The following discussion then ensued:
"THE COURT: That was 1991 he was given habitual.
 "THE DEFENDANT: Yeah. So the felony thing was wrong because they violated [sic] all the rest of the felonies. So there's really one third-degree habitual, all the other ones got vacated. So it wouldn't be seven. It would be like two from what I can understand when I was reading over it."
Persichino went on to describe to the trial court his problems first with alcohol, and later with heroin abuse.
The trial court then imposed the sentence Persichino is challenging. The trial court noted that the matter was previously set for sentencing, but Persichino "ran" and a capias was issued. The court said that the presentence report before it showed that Persichino was thirty-seven years old and had been convicted of seven felonies and seven misdemeanors. The court noted that after serving a total of six years in prison for a breaking and entering conviction and two subsequent parole violations, Persichino immediately got involved in doing drugs and stealing, and that within eight months he was arrested in Toledo for the charge at issue in this case. The court said: "There's no question there's a serious heroin addiction which the defendant has been unable to control."
The trial court then made a finding, which it repeated in its judgment entry containing Persichino's sentence, that Persichino is not amenable to community control and that prison is consistent with the purposes of R.C. 2929.11. The trial court also found, pursuant to R.C. 2929.14(B), that the shortest prison term possible would demean the seriousness of the offense and would not adequately protect the public. The trial court then imposed a two year prison term.
In this case, Persichino was convicted of a third degree felony. R.C.2929.14(A)(3) specifies that the basic prison term for a third degree felony is "one, two, three, four, or five years." However, a trial court is not automatically required to impose a prison sentence for all third degree felony convictions. R.C. 2929.13(C) provides in pertinent part: "[i]n determining whether to impose a prison term as a sanction for a felony of the third degree * * * the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code."
R.C. 2929.11 specifies:
 "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."
R.C. 2929.12(A) indicates that unless otherwise mandated by some other specific statutory section applying to a particular crime "a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12 also contains factors for a sentencing court to consider when exercising its discretion. The listed factors include those concerning the "seriousness of the conduct" and the "likelihood of the offender's recidivism". In addition, the statute contains language indicating that a trial court may consider "any other factors that are relevant to achieving those purposes and principles of sentencing." R.C.2929.12.
Persichino concedes that in this case, the trial court did not have any obligation to state its reasons for imposing more than a minimum sentence. See State v. Cantu (Apr. 24, 1998), Ottawa App. No. OT-97-048, unreported. However, he argues that the trial court actually did explain why it was imposing more than the minimum sentence, and that it relied upon an erroneous fact (that he had seven rather than two felony convictions). He says that since the trial court stated an erroneous fact as its reason for his sentence, his sentence should be set aside.
Our own review of the record does confirm that the trial court indicated at the sentencing hearing that the pretrial report showed that Persichino had seven felony convictions. However, the trial court also discussed several other factors it considered before it ordered Persichino to serve a two year prison term. The trial court noted that Persichino had already served six years in prison in Michigan and that some of those years were a result of two separate parole violations. The trial court also noted that immediately upon his release from prison Persichino returned to using drugs and stealing. Persichino was arrested in Ohio for robbery within eight months from his release from prison in Michigan, and had a serious heroin addiction he could not control. This information standing alone was sufficient to support the trial court's finding that Persichino was not amenable to community control and that the shortest prison term possible would demean the seriousness of the offense and would not adequately protect the public. Any error the trial court made in reciting the number of felony convictions attributable to Persichino was harmless under the circumstances of this case. We conclude that the trial court did not abuse its discretion when it ordered Persichino to serve two years in prison.
The sole assignment of error is not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Persichino is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.